UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL BARLOW,

                      Plaintiff,                     16-CV-818(LJV)(HKS)
                                                               ORDER

      v.

NATIONSTAR MORTGAGE, INC., a
Delaware limited liability corporation;
BANK OF AMERICA, N.A., a national
corporation,

                      Defendants.

_____

## INTRODUCTION

On November 1, 2016, the Court referred this case to United States Magistrate

Judge H. Kenneth Schroeder, Jr., for all proceedings pursuant to 28 U.S.C.

§ 636(b)(1)(A) and (B).  Docket Item 3.  On November 29, 2016, both defendants

moved to dismiss.  Docket Items 12, 13.  On December 13, 2016, the plaintiff

responded to the defendants' motions, Docket Items 15, 16, and on December 30,

2016, the defendants replied. Docket Items 17, 18.

On January 3, 2017, Judge Schroeder issued a Report and Recommendation

finding that the defendants' motions should be granted.  Docket Item 19.  The parties

did not object to the Report and Recommendation, and the time to do so now has

expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or

recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A district court must conduct a de novo review of those portions of a magistrate judge's

recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Nevertheless, this Court has carefully reviewed Judge Schroeder's Report and Recommendation as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant the defendants' motions.

## DISCUSSION

The plaintiff asks this Court for relief with respect to a mortgage.  He specifically requests, among other things, an injunction of "any foreclosure activity" in connection with property located at 6348 Ward Road, Sanborn, New York.  *See* Docket Item 1 at 17-18.  The New York State Supreme Court, Niagara County, entered a judgment of foreclosure and sale on September 21, 2016, but the plaintiff claims that several representations made in connection with the underlying loan were fraudulent, false, and in violation of New York Business Law § 349.  *See id.* at 5-9, 10-13, 14-17.  The plaintiff apparently did not appeal the foreclosure in the state court system, instead bringing the action at bar.

Federal courts are not courts of appeal for litigants unhappy with a state court decision.  In fact, the *Rooker-Feldman* doctrine precludes federal court jurisdiction over such matters.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923).  *Rooker-Feldman* applies

when four factors are present:  (1) the federal-court plaintiff lost in state court, (2) the

plaintiff seeks redress for injuries caused by the state court judgment, (3) the plaintiff

seeks federal court review of the state court judgment, and (4) the state court judgment

was issued before the federal action was filed.  *Hoblock v. Albany Cty Bd. of Elections*,

422 F.3d 77, 85 (2d Cir. 2005).

Here, the plaintiff concedes that the third and fourth factors are satisfied.  *See,*

*e.g.*, Docket Item 15 at 4; Docket Item 16 at 4.  But the plaintiff claims that because he

"did *not* lose on the issues adjudicated in state court" and "does not complain of injuries

caused by the state court judgment," *Rooker-Feldman* does not apply.  Docket Item 15

at 4; Docket Item 16 at 4.  The plaintiff is incorrect.

First, it appears that the plaintiff actually argued the issue of allegedly false and

fraudulent representations in the state court foreclosure proceeding—and lost.  *See*

Docket Item 13-12 at 2-3; *see also* Docket Item 19 at 8.  Even if he had not argued that

issue, however, the plaintiff explicitly attacks the state court judgment rendered against

him: he invites this Court to review and reject that judgment.  *See* Docket Item 15 at 3-4;

Docket Item 16 at 3-4.  Because the plaintiff asks this Court to review and reject a state

court judgment, he must have lost in state court; otherwise, why bring the federal court

action asking that the judgment be rejected?

Second, the state court judgment was the vehicle by which the defendants'

alleged misrepresentations and fraud actually injured the plaintiff.  The allegedly false

representations—about an escrow deficiency, a "new unpaid principal balance," etc.—

did not result in actual injury to the plaintiff until the state court's judgment of foreclosure

was entered.  For that reason as well, the second factor of *Rooker-Feldman* is met.

In sum, attacks on state court judgments of foreclosure are "clearly barred by the *Rooker-Feldman* doctrine." *Niles v. Wilshore Inv. Grp., LLC*, 859 F. Supp. 2d 308, 334 (E.D.N.Y. 2012); *see also Ashby v. Polinsky*, 328 F. App'x 20 (2d Cir. 2009) (summary order) (affirming lower court's dismissal for lack of subject matter jurisdiction).  This case is precisely an attack on the New York state court's foreclosure judgment.  For that reason, and as Judge Schroeder concluded, the Court lacks jurisdiction over this matter.

## ORDER

For the reasons stated above and in the Report and Recommendation, and pursuant to Fed. R. Civ. P. 12(b)(1), the defendants' motions to dismiss (Docket Items 12, 13) are GRANTED; the complaint (Docket Item 1) is DISMISSED; and the Clerk of the Court is instructed to close this case.


SO ORDERED.

Dated:   January 30, 2017
         Buffalo, New York


                                        *s/Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE